
*Sidney L. Christie Federal Building*
*and United States Courthouse*
*845 Fifth Avenue, Room 209*
*Huntington, WV 25701*
*PHONE: 304-529-5799*
*FAX: 304-529-5545*

January 4, 2017

FILED

FEB 2 1 2017

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

A. Courtenay Craig, Esquire
337 Fifth Avenue
Huntington, WV 25701

> Re:  United States v. Earnest J. Moore,
> also known as "Dollar" and "Dollar Bill"
> Criminal No. 3:15-00145-1 (USDC SDWV)

Dear Mr. Craig:

This will confirm our conversations with regard to your client, Earnest J. Moore, also known as "Dollar" and "Dollar Bill" (hereinafter "Mr. Moore"). As a result of these conversations, it is agreed by and between the United States and Mr. Moore as follows:

1.  **PENDING CHARGES.** Mr. Moore is charged in a one-count indictment with a violation of 21 U.S.C. § 846 (conspiracy to distribute heroin).

2.  **RESOLUTION OF CHARGES.** The United States agrees not to file an information pursuant to 21 U.S.C. § 851. Mr. Moore will plead guilty to said indictment, which charges him with a violation of 21 U.S.C. § 846.

3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Moore will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of up to 20 years;

*E M*
‾‾‾‾‾‾‾‾‾‾‾‾‾
Defendant's
Initials

(b)    A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)    A term of supervised release of at least 3 years;

(d)    A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

(e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Moore for a period of 5 years; and

(f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4.    **SPECIAL ASSESSMENT.** Mr. Moore has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Moore agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Moore agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Moore further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

*E m*
_____
Defendant's
Initials

6. **COOPERATION.**  Mr. Moore will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Moore may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Moore, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Moore for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Moore for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Moore stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Moore agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically

_E M_
—————————
Defendant's
Initials

described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Moore or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Moore knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Moore understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Moore knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Moore also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion

_EM_
_____
Defendant's
Initials

brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Moore knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Moore;

(f) Advise the Court concerning the nature and extent of Mr. Moore's cooperation; and

(g) Address the Court regarding the issue of Mr. Moore's

_____
Defendant's
Initials

acceptance of responsibility.

13. **VOIDING OF AGREEMENT.**  If either the United States or Mr. Moore violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

14. **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Moore in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Moore in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CAROL A. CASTO
United States Attorney

By: _R-C___ McC___ for_
JOSEPH F. ADAMS
Assistant United States Attorney

JFA/sdw

_____
Defendant's
Initials

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this seven-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been
made to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.


_____        _____
EARNEST J. MOORE                        Date Signed
Defendant

_____        _____
A. COURTENAY CRAIG, ESQUIRE             Date Signed
Counsel for Defendant

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:15-00145-1

ERNEST J. MOORE
     also known as "Dollar"
     also known as "Dollar Bill"

## STIPULATION OF FACTS

The United States and Earnest J. Moore, also known as "Dollar" and "Dollar Bill" (hereinafter "Mr. Moore") stipulate and agree that the facts comprising the offense of conviction (single-count Indictment in the Southern District of West Virginia, Criminal No. 3:15-00145) and the relevant conduct for that offense include the following:

From early 2013 until his arrest on July 23, 2014, Mr. Moore conspired with others, including Anthony Latham, Rasheed Latham, Kaleigh Horn, and Antoine Terry to distribute heroin, a Schedule I controlled substance, in Mason County, West Virginia, within the Southern District of West Virginia, and Gallia County, Ohio. Associates of Mr. Moore would transport large quantities of heroin from sources in Detroit, Michigan, and Columbus, Ohio, to a duplex residence in Gallipolis, Ohio. Once at that residence, Mr. Moore or one of his associates identified above would distribute heroin to customers who came to the residence at a price of $200.00 per gram.

On several occasions between April 29, 2014, and June 11, 2014, Mr. Moore or one of his associates sold a confidential informant (hereinafter "CI") working with the Metropolitan Drug Enforcement Network Team a quantity of heroin at the Gallipolis residence. Prior to going to that location on each occasion, the CI would contact Mr. Moore or his associate via telephone from Point Pleasant to arrange the purchase. The substances purchased

_____
Defendant's
Initials

on each of those seven occasions were submitted to a lab for
analysis and proved to contain heroin, a Schedule I controlled
substance.

On multiple occasions between early 2013 and July 23, 2014,
Mr. Moore or his associates would transport heroin from the
Gallipolis residence to various locations in Point Pleasant, Mason
County, West Virginia, to distribute, again, at an approximate
price of $200.00 per gram.

### Relevant Conduct and Total Drug Weight

The parties stipulate and agree that the total amount of
offense and relevant conduct attributable to Mr. Moore for
sentencing purposes is at least 700 grams but not more than 1
kilogram of heroin.

This Stipulation of Facts does not contain each and every
fact known to Mr. Moore and to the United States concerning his
involvement and the involvement of others in the charge set forth
in the Indictment.

Stipulated and agreed to:


_____          _____
EARNEST J. MOORE                          Date
Defendant


_____          _____
A. COURTENAY CRAIG, ESQUIRE               Date
Counsel for Defendant


_____          _____
JOSEPH F. ADAMS                           Date
Assistant United States Attorney